UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JAMES FRANKLIN SNYDER,

Petitioner,

v.

CLINTON PECK, Probation Officer,

Respondent.

Case No. 2:21-cv-00357-CWD

**INITIAL REVIEW ORDER and ORDER OF REASSIGNMENT**

Petitioner James Franklin Snyder has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court convictions. *See* Dkt. 1. Although the Petition is labeled as a petition asserted under 28 U.S.C. § 2241, the Court construes the Petition as asserted under 28 U.S.C. § 2254 because it challenges a state court criminal judgment.

The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Petitioner to file an amended petition and a motion to stay if Petitioner intends to proceed.

## REVIEW OF PETITION

### 1. Standard of Law for Review of Petition

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody

violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[1] *Id.*

## 2. Discussion

In the First Judicial District Court in Kootenai County, Idaho, Petitioner pleaded guilty to misdemeanor state court charges. Though the Petition does not identify the crimes of conviction, Idaho's iCourt Database suggests that Petitioner pleaded guilty to one count of battery and one count of assault or battery upon certain personnel. *State v. Snyder*, Kootenai County Case No. CR28-21-11291, *available at* https://icourt.idaho.gov/ (accessed Oct. 22, 2021); *see* Idaho Code §§ 18-903 & 18-915. Two other charges were dismissed, likely pursuant to a plea agreement. *Id*. Petitioner was sentenced to probation.

The judgment of conviction issued on September 2, 2021. *Pet*. at 1. Days later, Petitioner filed the instant federal Petition. After the filing of the Petition, Petitioner then filed a direct appeal in state court. *See State v. Snyder*, Kootenai County Case No. CR28-

[1] However, a court undertaking a Rule 4 review is not *required* to comb through a Petitioner's exhibits or other documents—such as memoranda, affidavits, or the petitioner's state court briefing—to determine whether a petitioner may proceed past initial screening. Nor is a respondent required to consider or address such documents when responding to the petition. This is because, under Habeas Rule 2(c), the petition must "specify all the grounds for relief available to petitioner" and "state the facts supporting each ground." That is, a habeas petitioner must include—in the petition *itself*—"all of the information necessary to adjudicate that Petition." *Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 n.3 (D. Idaho Sept. 27, 2018) (unpublished). Therefore, in its Rule 4 review, the Court has considered only the 8-page Petition itself (Dkt. 1), not the other documents submitted with the Petition.

21-11291, https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0. That appeal remains pending. *Id*.

Petitioner asserts that he "was forced" to plead guilty and that he "found out everything after [he] was released from jail and was able to semi regain [his] cognitive decision making." *Pet*. at 5. This appears to be a claim that Petitioner's plea was not knowing, intelligent, and voluntary. The Petition cites the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id*. at 6–7.

### ***A. The Petition Does Not Include a Sufficient Factual Basis and Is Not Presented on the Appropriate Court Form***

Petitioner has not included enough facts in the Petition to proceed at this time. Habeas Rule 2(c) requires a habeas petition, among other things, to "specify all the grounds for relief available to the petitioner" and to "state the facts supporting each ground." Because all of the facts and grounds for relief must be included in the petition, the Court—or Respondent—need not consider allegations or arguments set forth in other documents. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 (D. Idaho Sept. 27, 2018) (unpublished) ("The Court was not required to meticulously search through the many documents Petitioner submitted with his Petition. Instead, it was entitled to rely on the habeas Petition itself to contain all of the information necessary to adjudicate that Petition."). Thus, because the Petition itself includes no facts explaining how Petitioner's plea was "forced," the claims therein are subject to summary dismissal under Rule 4.

Moreover, Petitioner has not complied with Habeas Rule 2(d), which requires a petition to "substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." Petitioner's § 2241 petition is not on the appropriate form, as this case arises under § 2254. Further, the Court has in fact adopted a local form for § 2254 petitions. Therefore, within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Habeas Rules 2(c) and 2(d). The Clerk of Court will provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form for any amended petition.

***B. All of Petitioner's Claims Appear to Be Unexhausted***

Finally, it appears from the face of the Petition that Petitioner's claims are unexhausted and, therefore, subject to dismissal. A habeas petitioner must exhaust his remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This means that the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims in at least a petition seeking review before that court. *Id.* at 847.

In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that federal district courts have discretion to stay a habeas petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court for review of

his perfected petition. In determining whether to exercise discretion to grant a stay, a district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277–78. Although the *Rhines* case involved a mixed petition (one that includes both exhausted and unexhausted claims), the Ninth Circuit has extended *Rhines* and determined that "a district court may stay a petition that raises *only* unexhausted claims." *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

Petitioner has not requested a *Rhines* stay. Therefore, in addition to not including sufficient facts, the Petition is also subject to dismissal as unexhausted. If Petitioner intends to file a motion to stay under *Rhines*, he must do so within 28 days after entry of this Order.

## 3. Statute of Limitations Considerations

### *A. One-Year Limitations Period*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations can

also be equitably tolled under exceptional circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

### *B. Stay-and-Abey Procedures and Relation-Back of Amendments*

Because it appears that Petitioner is currently challenging his convictions on direct appeal in state court, Petitioner should be aware that failing to raise any unexhausted claims in an amended petition now, in the instant federal habeas case, may jeopardize his federal statute of limitations filing date for such claims.

If a petitioner amends a petition after the federal statute of limitations has run, the amendments might not receive the benefit of, or "relate back" to, the original petition's filing date. Amendments relate back to the original petition only if the original and amended pleadings both arise out of the same "'conduct, transaction, or occurrence.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (alteration omitted) (quoting Fed. R. Civ. P. 15(c)(2), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). Because Rule 15 is applied in conjunction with the "more demanding" standard in Habeas Rule 2(c), the words "same 'conduct, transaction, or occurrence" do *not* mean simply "the same 'trial, conviction, or sentence.'" *Id*. at 655, 664. Rather, relation back is proper only when "the original and amended petitions state claims that are tied to a common core of operative facts."[2] *Id*.

[2] The Supreme Court offered the following examples of cases where this standard was satisfied: (1) *Mandacina v. United States*, 328 F.3d 995, 1000–1001 (8th Cir. 2003), in which the original petition alleged violations of *Brady v. Maryland*, 373 U.S. 83 (1963), "while the amended petition alleged the Government's failure to disclose a particular report," and "[b]oth pleadings related to evidence obtained at the same time by the same police department"; and (2) *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir. 2001), in which "the original petition challenged the trial court's admission of recanted

Courts use a two-step analysis to decide whether, for statute of limitations purposes, a claim in an amended petition relates back to a claim in the original petition. The district court first must "determine what claims the amended petition alleges and what core facts underlie those claims." *Ross v. Williams*, 950 F.3d 1160, 1167 (9th Cir. 2020). Then, "for each claim in the amended petition," the court must "look to the body of the original petition and its exhibits to see whether" (a) "the original petition set out or attempted to set out a corresponding factual episode," or (b) "whether the claim is instead supported by facts that differ in both time and type from those the original pleading set forth." *Id*. (internal quotation marks and alterations omitted).

In addition, an amendment invoking a legal theory not suggested in the original petition relates back to that original petition only if it arises from the same "episode-in-suit." *Mayle*, 545 U.S. at 659–60 (citing *Tiller v. Atl. Coast Line R. Co.*, 323 U.S. 574, 580–81 (1945)). For example, ineffective assistance claims relate back to claims where the underlying substantive error is based on the same set of facts. *See Nguyen v. Curry*, 736 F.3d 1287, 1296–97 (9th Cir. 2013) (determining that a claim that appellate counsel was ineffective for failing to raise double jeopardy issue related back to a timely-raised substantive double jeopardy claim), *abrogated on other grounds by Davila v. Davis*, 137 S. Ct. 2058 (2017); *Abdulle v. Uttecht*, 2020 WL 2065882 (W.D. Wash. Jan. 6, 2020) (report and recomm'n), *relevant portion adopted by*, 2020 WL 2063772, at *2 (W.D. Wash. Apr. 29, 2020) (district court order).

---

statements, while the amended petition challenged the court's refusal to allow the defendant to show that the statements had been recanted." *Mayle*, 545 U.S. at 664 n.7.

Because of these considerations, if Petitioner chooses to amend his Petition, he should include in that petition all of the claims—and all of the facts supporting those claims—that Petitioner intends to assert in the instant action, regardless of whether those claims are currently being pursued in state court.

**4. Conclusion**

The Petition appears subject to dismissal: (1) for failure to include sufficient facts under Rule 2(c); (2) for failure to comply with Rule 2(d); and (3) as unexhausted.

**ORDER**

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file an amended petition as described above. All of Petitioner's claims, as well as the facts upon which those claims rest, must be included in the amended petition.

2. The Clerk of Court is instructed to provide Petitioner with a form § 2254 petition. Plaintiff is encouraged and expected to use this form in drafting an amended petition. If Petitioner does not file a timely amendment, the Petition will be subject to dismissal under Habeas Rules 2(c) and 2(d).

3. Also within 28 days after entry of this Order, Petitioner may file a motion to stay these proceedings while he pursues his claims in state court. If Petitioner does not file a timely motion to stay, the Petition will be subject to dismissal as unexhausted.

4. Because not all named parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in

accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, this case will be REASSIGNED to a United States District Judge.

DATED: December 20, 2021

Honorable Candy W. Dale
Chief U.S. Magistrate Judge